RANDALL and others vs. SMITH.

The statute of 1857, relative to the protest of notes, only alters the law as to service of notice of protest, where the indorser resides or has a place of business in a city or town, or where he is reputed to reside or have a place of business therein, on diligent inquiry. In such cases the service may be by notice through the post office.

Where there is no evidence of any diligence to find the residence of the indorser, or even of any inquiries on the subject being made, the act of 1857 does not apply.

Where the parties to a note made and dated at the city of New York were informed that the indorser resided on Long Island; held that this was sufficient to put them on inquiry, and to satisfy them that he did not reside in New York.

THIS action was brought by the plaintiffs as indorsees, to recover from the defendant as first indorser, the sum of $510.39, being the balance due on a promissory note, of which the following is a copy:

" $708.69.                 NEW YORK, July 20, 1859.

Sixty days after date, I promise to pay to the order of Nathaniel W. Smith, seven hundred and eight dollars and sixty-nine cents, value received.

(Signed,)        E. H. BACHE.

(Indorsed,)   Nath. W. Smith."

The defendant resided at Flushing, Queens county, L. I., during the running of the note, and for four years next before the note was made, and had resided on Long Island for twenty years, and for twenty years had no place of business in New York. Both the other parties to the note knew where he resided. And the plaintiffs were informed at the time they took the note that Smith resided on Long Island. It does not appear that it was written or indorsed on the note where the defendant, Smith, resided. Smith made the usual affidavit required by the statute, denying that he ever received any notice of presentment or non-payment of the note.

The notary testified, that he inclosed notice of protest to the defendant, Smith, at " New York city," that being, " according to the best information, upon diligent inquiry, the

Randall *v.* Smith.

reputed place of residence of said indorser, and the post office nearest thereto."

The action was tried at the New York circuit, in April, 1860, before Justice EMOTT, without a jury. At the close of the testimony, his honor the judge decided that it was not proved that due notice of the presentment of the note to the maker, and of his refusal to pay the same, had been given to the defendant, and that as to him the complaint must be dismissed. To which ruling and decision the counsel for the plaintiffs excepted. His honor the judge directed and decided that judgment, dismissing the complaint as to the defendant, with costs, should be entered. To which direction and decision the counsel for the plaintiffs duly excepted. Judgment was entered in accordance with such decision and direction, and the plaintiffs appealed.

*A. H. Wallis*, for the appellant.

*E. Terry*, for the respondent.

*By the Court*, INGRAHAM, J. The plaintiffs were informed that the defendant resided on Long Island. This was sufficient to put them on inquiry, as to residence, and to satisfy them that the defendant did not reside in New York.

The statute of 1857, relative to protest of notes, only alters the law as to service of notices of protest, where the indorser resides or has a place of business in a city or town, or where he is reputed to reside or have a place of business therein, on diligent inquiry. In such cases the service may be by notice in the post office.

There is no evidence of any diligence to find the residence of the indorser, or even of any inquiries on the subject. The act of 1857 does not apply to this case.

Judgment affirmed, with costs.

[NEW YORK GENERAL TERM, May 6, 1861. *Clerke, Gould* and *Ingraham*, Justices.]